

<table>
<tr><td>**JAMES E. JOHNSON**<br>*Corporation Counsel*</td><td style="text-align:center">THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET, Rm. 3-308<br>NEW YORK, NY 10007</td><td>**STEVE STAVRIDIS**<br>Senior Counsel<br>Phone: (212) 356-2687<br>Fax: (212) 356-3508<br>sstavrid@law.nyc.gov</td></tr>
</table>

January 7, 2021

**VIA E.C.F.**
Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                Re:       Gala v. City of New York, *et al.*,
                            20-cv-05549 (BMC)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York, and the attorney representing defendants City of New York and the Commissioner of the New York City Fire Department Daniel A. Nigro (collectively, "defendants") in the above-referenced action. For the reasons set forth below, defendants respectfully request that the Court: (1) schedule a pre-motion conference regarding defendants' anticipated motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; and (2) stay this matter and adjourn all pending deadlines[1] until defendants' motion has been resolved.

      Plaintiff alleges that defendants violated his First Amendment rights when they denied him a promotion on the basis of his refusal to publicly disavow opinions that he had expressed in letters previously written to the civil service themed newspaper, *The Chief-Leader*. See Complaint (Compl.) at ¶¶ 21-29. The cumulative import of plaintiff's letters was that the FDNY

---

[1] At present, the deadline for defendants to answer the complaint is January 10, 2021. There is also an Initial Conference scheduled for January 12, 2021 for which the parties are required to submit a Case Management Plan and a joint letter five days in advance (which would be today, January 7, 2021). See ECF Order dated December 9, 2021.

should not lower admission/testing standards for purposes of making the FDNY more racially diverse, as this would threaten the health and safety of firefighters and civilians.[2] (Id.) According to plaintiff, on May 18, 2020, FDNY Chief of Department John Sudnik and Chief of Fire Operations Thomas Richardson informed plaintiff that he was to be promoted to the position of Assistant Chief of Department. (Id. at ¶¶ 21, 22.) Plaintiff further alleges that, as a condition of plaintiff's promotion, Commissioner Nigro wanted plaintiff to send an email renouncing the opinions he had expressed in his past letters to *The Chief-Leader*. (Id.) Plaintiff refused to do so and, resultantly, he was not promoted. (Id. at ¶¶ 22, 25, 26.) Plaintiff asserts that this constituted an "adverse employment action" in violation of 42 U.S.C § 1983 and his First Amendment right to free speech. (Id. at ¶ 33.)

Defendants deny that plaintiff would have been promoted *but for* his refusal to retract his statements published in *The Chief-Leader*.[3] Nevertheless, even assuming plaintiff's allegations are true, defendants are entitled to judgment as a matter of law. Where a public employee alleges retaliation for exercising his First Amendment rights to free speech, he must initially establish that: "(1) the speech at issue was made as a citizen on matters of public concern rather than as an employee on matters of personal interest, (2) he or she suffered an adverse employment action, and (3) the speech was at least a substantial or motivating factor in the adverse employment action." Johnson v Ganim, 342 F3d 105, 112 (2d Cir 2003) (internal quotations and citations omitted). However, even if these standards are met (which defendants do not concede is the case here), a defendant may avoid liability under the Pickering balancing test, "which weighs the plaintiff's interest in freely speaking his mind on a matter of public concern against the State's interest in the performance of its functions." Pappas v. Giuliani, 290 F.3d 143, 146 (2d Cir. 2002) (citing Pickering v Bd. of Educ., 391 US 563, 568 (1968)). One of the considerations recognized as pertinent to the Pickering test, which is applicable here, is whether the government employee holds a position for which "personal loyalty and confidence are necessary to their proper functioning." Pickering, 391 U.S. at 570. "[W]here the employee holds an extremely confidential or highly placed advisory position, it would be unlikely if the Pickering balance were to be struck in his favor." McEvoy v Spencer, 124 F.3d 92, 103 (2d Cir. 1997); see also Castine v Zurlo, 756 F.3d 171, 175-176 (2d Cir. 2014) ("we have recognized that public employers must, to a degree, be able to restrict the speech of their employees, or they will be unable to perform important work necessary to the functioning of the State"); Piscottano v. Murphy, 511 F.3d 247, 276-78 (2d Cir. 2007); Lewis v Cowen, 165 F.3d 154, 167 (2d Cir. 1999) ("A high-ranking policy-making employee does not have, and never has had, a First Amendment right to refuse his employer's directive to promote agency policy.").

---

[2] The letters were in response to allegations of racial discrimination made by the Vulcan Society (an organization promoting the rights of black firefighters), which resulted in extensive litigation, see U.S. v. City of New York, 683 F. Supp. 2d 225 (E.D.N.Y. 2010) *vacated by*, 717 F.3d 72 (2d Cir. 2013) and, ultimately, a class action settlement. See Marc Santora and Michael Schwirtz, *New York City Settles Lawsuit Accusing Fire Dept. of Racial Bias,* N.Y. TIMES, March 18, 2014, https://www.nytimes.com/2014/03/19/nyregion/new-york-settles-bias-lawsuit-against-fire-department.html.

[3] Defendants acknowledge that plaintiff was considered for a promotion in May 2018 and was asked at that time to retract his previous statements, which he refused to do.

Here, the position for which plaintiff was being considered, Assistant Chief of Department, is one of the highest-ranking positions in the FDNY and reports directly to the FDNY Commissioner.[4] It was therefore critical that the appointee be publically on board with the FDNY's and its Commissioner's missions and policies, central among which was the promotion of racial diversity within the FDNY in accordance with mayoral directives, as well as the mandates of the settlement agreement referenced in footnote 2. As evidenced by the annexed letters published in *The Chief-Leader* (see "Exhibit A" hereto), the opinions that plaintiff publicly expressed on the issue of racial diversity were at odds with the policies pursued by the Commissioner and the FDNY. In fact, according to an article published by the *The Chief-Leader* in 2011, the opinions expressed by plaintiff in his previously published letters were used in the government's case against the City during the aforementioned litigation (see "Exhibit B" hereto). Accordingly, the Commissioner acted lawfully when he requested that plaintiff disavow the views he expressed in the *The Chief-Leader* when plaintiff was under consideration for the position of Assistant Chief of Department. Plaintiff's Complaint is therefore subject to dismissal on the basis that his First Amendment rights were not violated.

Alternatively, Commissioner Nigro is entitled to qualified immunity as his actions were objectively reasonable. See Lewis, 165 F3d 154, 167 ("the proper qualified immunity question in this case is whether the defendants should have known that terminating a policymaking public employee for refusing to promote agency policy as directed by his employer would violate the First Amendment."). The Supreme Court has directed federal district courts to decide qualified immunity, whenever possible, early in the litigation, pre-trial and even pre-discovery. Mitchell v Forsyth, 472 US 511, 526 (1985); Hunter v. Bryant, 502 U.S. 224 (1991) (per curiam).

Based on the foregoing, defendants respectfully request that the Court grant defendants' applications for a pre-motion conference regarding their anticipated motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and for a stay of all proceedings pending the resolution of that motion.

Defendants thank the Court for its consideration herein.

Respectfully submitted,

s/ *Steve Stavridis*

Steve Stavridis
Senior Counsel

cc: All counsel of record (By E.C.F.)

---

[4] As of this writing, there are only six active Assistant Chiefs of Department in the FDNY overseeing a 10,000 person fire staff.