```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
MICHAEL F. GALA, JR.,                                       :
                                                            :   **MEMORANDUM DECISION**
                              Plaintiff,                    :   **AND ORDER**
                                                            :
              - against -                                   :   20-cv-5549 (BMC)
                                                            :
THE CITY OF NEW YORK *et ano.*,                             :
                                                            :
                                                            :
                              Defendants.                   :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

    Plaintiff, a Deputy Assistant Chief of the New York City Fire Department ("FDNY"), brings this First Amendment retaliation case under 42 U.S.C. § 1983. He claimed that his planned promotion to Assistant Chief in May 2020 was rescinded by FDNY Commissioner Daniel Nigro because plaintiff refused to recant views expressed in a newspaper a decade earlier. On March 11, 2021, I granted in part and denied in part defendants' motion to dismiss, finding that plaintiff's claims may proceed against the City but that Commissioner Nigro was entitled to qualified immunity.

    At a status conference on April 7, 2021, plaintiff indicated that discovery had revealed that Commissioner Nigro passed him over for promotion to Assistant Chief on other occasions before May 2020, and that he wanted to amend the complaint to allege those instances as well. In the present motion, plaintiff seeks not only to amend the complaint to add these allegations, but also seeks to have Commissioner Nigro brought back into the case, arguing that the new allegations demonstrate that he is not entitled to qualified immunity in this action. The City and Commissioner Nigro oppose amendment as futile.

The Court should freely give leave to amend when justice so requires, Fed. R. Civ. P. 15(a), but may deny leave for various reasons, including undue delay, bad faith, undue prejudice, and futility. See Foman v. Davis, 371 U.S. 178, 182 (1962). An amendment is futile if the "proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)" of the Federal Rules of Civil Procedure. Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002). Thus, the proposed amendment must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The party opposing a motion for leave to amend has the burden of establishing that the amendment would be futile. Amaya v. Roadhouse Brick Oven Pizza, Inc., 285 F.R.D. 251, 253 (E.D.N.Y. 2012).

Plaintiffs' proposed amendment as against the City would not be futile. Defendants merely reiterate the same argument that I rejected in resolving their motion to dismiss, namely, that a failure to promote an individual to a discretionary post cannot constitute retaliatory conduct. But a failure to promote "falls within the core activities encompassed by the term 'adverse actions,'" Treglia v. Town of Manlius, 313 F.3d 713, 720 (2d Cir. 2002), and the policymaking status of an employee is not conclusive, Lewis v. Cowen, 165 F.3d 154, 162 (2d Cir. 1999). Although plaintiff and the Court previously understood this action to concern compelled speech based on plaintiff's refusal to retract views he expressed, the proposed amended complaint plausibly alleges that Commissioner Nigro also repeatedly declined to promote plaintiff from 2018 to 2020 because of that speech before demanding the retraction at issue in the complaint.

However, plaintiffs' proposed amendment would be futile as to Commissioner Nigro because he is equally entitled to qualified immunity under the proposed amendment. "Qualified

immunity shields government officials from civil suits for damages 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Higazy v. Templeton, 505 F.3d 161, 169 (2d Cir. 2007) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). In determining whether a particular right was clearly established at the time defendants acted, the Court considers three factors: (1) whether the right in question was defined with reasonable specificity; (2) whether the decisional law of the Supreme Court and the applicable circuit court support the existence of the right in question; and (3) whether under preexisting law a reasonable defendant official would have understood that his or her acts were unlawful. Id. "[E]ven where the law is 'clearly established' and the scope of an official's permissible conduct is 'clearly defined,' the qualified immunity defense also protects an official if it was 'objectively reasonable' for him at the time of the challenged action to believe his acts were lawful." Id. at 169-70. As I explained in my prior decision, the Second Circuit has cautioned that the issue in these cases is not whether defendants should have known that there was a federal right to free speech and that their actions violated it. See Lewis, 165 F.3d at 166-67. Rather, the "clearly established" analysis is narrowly tailored to the alleged conduct. Naumovski v. Norris, 934 F.3d 200, 211 (2d Cir. 2019).

For substantially the same reasons as I described previously, the Commissioner is entitled to qualified immunity. The question is whether the Commissioner should have known that it would violate the First Amendment to fail to promote a policymaking public employee because of the employee's past statements that the employer believes depart from the department's present policies and agenda.[1] Plaintiff has identified no factually analogous authority from a controlling court establishing that such conduct violates the First Amendment. He points only to

---

[1] The parties do not appear to dispute that the Assistant Chief position is a policymaking one.

3

cases that stand for the general propositions that employees have a right to speak on issues of public concern and that an employer cannot restrict such speech based on an improper motive. This case law is not sufficiently tailored to the conduct at issue here, and I cannot find any controlling cases that could have put the Commissioner on notice that his conduct violated plaintiff's rights.

Further, in balancing an employee's interest in free expression against an employer's interest in providing public services without disruption, the Pickering balancing test, "the more the employee's job requires confidentiality, policymaking, or public contact, the greater the state's interest in firing her for expression that offends her employer." McEvoy v. Spencer, 124 F.3d 92, 103 (2d Cir. 1997) (internal quotation marks omitted). Thus, "[t]he policymaking status of the discharged or demoted employee is very significant in the Pickering balance," even if it is "not conclusive." Lewis, 165 F.3d at 162 (quoting id.). Because the Pickering analysis weighs heavily in defendants' favor when the disciplined employee is a policymaker, see Camacho v. Brandon, 317 F.3d 153, 161 (2d Cir. 2003), it will be a close question as to whether defendants' actions violated the First Amendment, and thus I cannot say the issue was beyond debate at the time of the alleged retaliation.

Accordingly, plaintiff's motion to amend the complaint is granted in part. Plaintiff may file an amended complaint alleging the additional instances of failure to promote, but the Commissioner remains dismissed from this action on the basis of qualified immunity.

**SO ORDERED.**

Digitally signed by Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
      April 28, 2021

4